IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY C. HUBER and RICHARD HUBER, Wife and Husband, | : | Case No.: 3:22-CV-197 |
| Plaintiffs, | : | |
| v. | : | |
| LOWE'S HOME CENTERS, LLC, | : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |

## COMPLAINT IN CIVIL ACTION

NOW COME, the Plaintiffs, Amy C. Huber and Richard Huber, Wife and Husband, by and through their attorneys, Spence, Custer, Saylor, Wolfe & Rose, LLC, and file this Complaint in Civil Action:

### Parties

1. The Plaintiff, Amy C. Huber (hereinafter, "Mrs. Huber"), is an adult individual residing at 561 Park Avenue, Johnstown, Cambria County, Pennsylvania 15902.

2. The Plaintiff, Richard Huber (hereinafter "Mr. Huber"), is an adult individual residing at 561 Park Avenue, Johnstown, Cambria County, Pennsylvania 15902.

3. The Defendant, Lowe's Home Centers, LLC (hereinafter, "Defendant"), is a business corporation organized and existing under the laws of the State of North Carolina, with a principal place of business at 1000 Lowes Boulevard, Mooresville, Iredell County, North Carolina 28117.

### Jurisdiction and Venue

4. This action arises under the Constitution of the United States of America and is within the diversity jurisdiction of this Honorable Court.

5. The events giving rise to this action occurred in Cambria County, Pennsylvania, such that personal jurisdiction and venue are proper in the United States District Court for the Western District of Pennsylvania.

**Factual Background**

6. On or about August 1, 2022, Mr. and Mrs. Huber were customers at the Lowe's located at 630 Solomon Run Road, Johnstown, Cambria County, Pennsylvania. It is believed, and therefore averred, that the Lowe's was at all times relevant hereto owned and/or operated by Defendant.

7. At some point in the afternoon on August 1, 2022, Mr. and Mrs. Huber were at or near the fencing section of the Lowe's where they were looking at wooden fence panels each measuring six (6) feet by eight (8) feet.

8. It is believed, and therefore averred, that each wooden fence panel weighed approximately 140 pounds.

9. The wooden fence panels were stacked upright in a stack of approximately ten (10) panels.

10. While Mr. and Mrs. Huber were standing in front of the wooden fence panels, Mr. Huber placed his hand on the first fence panel and the entire stack of fence panels shifted and began falling forward toward Mr. and Mrs. Huber.

11. The wooden fence panels violently crashed into Mrs. Huber, pinning her legs under the pile of panels.

12. As a result of this collision, Mrs. Huber has suffered numerous injuries, including, but not limited to:

    a. Right bicondylar tibial plateau fracture;

    b. T6 superior endplate fracture;

    c. T12 compression fracture;

    d.    Crushing injury to both lower legs;

    e.    Abrasions and pain to both legs;

    f.    Right lower leg tenderness and swelling;

    g.    Right knee pain and swelling;

    h.    Right foot abrasions and lacerations;

    i.    Left lower leg swelling and tenderness;

    j.    Lower back pain and tenderness;

    k.    Bilateral elbow abrasions;

    l.    Left hand abrasions;

    m.    Left shin abrasions;

    n.    Left foot abrasions;

    o.    Chest wall abrasions;

    p.    Abrasions to her nasal bridge; and

    q.    Sacral area pain.

13.    As a result of this collision, Mrs. Huber has sustained damages, including, but not limited to:

    a.    Costs for past and future medical care and treatment, including the cost of durable medical equipment and modifications to her home;

    b.    Pain and suffering;

    c.    Emotional distress;

    d.    Loss of the pleasures of life;

    e.    Embarrassment and inconvenience; and

    f.    Other losses, the full extent of which remains unknown.

## Count I - Negligence

14. Plaintiffs incorporate by reference Paragraphs 1 through 13 as if the same were more fully set forth herein.

15. At all times relevant hereto, Defendant owed a duty to individuals using its premises, including Mrs. Huber, to keep its aisles, passageways, and floors in reasonably safe condition.

16. At all times relevant hereto, Defendant owed a duty to individuals using its premises, including Mrs. Huber, to keep its premises free of any unsafe or hazardous conditions which reasonably might give rise to damage or injury.

17. At all times relevant hereto, Defendant owed a duty to individuals using its premises, including Mrs. Huber, to place its merchandise safely on display in such a manner that the merchandise will not fall, as well as to replace safely such merchandise on display when it has been moved or removed.

18. At all times relevant hereto, Defendant owed a duty to individuals using its premises, including Mrs. Huber, to check its displays periodically to ensure that the merchandise is in a safe position and does not present an unsafe condition.

19. Defendant breached its duties owed to individuals using its premises, including Mrs. Huber, by engaging in some or all of the following particulars, including, but not limited to:

    a. Failing to safely stock its displays;

    b. Failing to monitor its merchandise and/or displays to ensure that the merchandise and/or displays do not present an unsafe condition;

    c. Negligently and/or haphazardly stacking wooden fence panels;

    d. Negligently and/or haphazardly stacking wooden fence panels at an unsafe angle;

    e.    Failing to secure its merchandise, including the wooden fence panels, in such a way to ensure that the merchandise and/or displays do not present an unsafe condition;

    f.    Failing to secure the safety cable across the wooden fence panels;

    g.    Failing to provide notice and/or warnings that a dangerous condition may be present;

    h.    Failing to ensure that merchandise, including the wooden fence panels, was safely placed on display; and

    i.    Failing to periodically check on its merchandise, including the wooden fence panels, to ensure that the merchandise, including the wooden fence panels, was in a safe position and did not present an unsafe condition.

20. The conduct of Defendant, as outlined above, was undertaken with indifference to the rights of others, including Mrs. Huber.

21. As a result of the negligence and/or carelessness on the part of Defendant, Mrs. Huber has suffered the injuries and damages set forth herein.

WHEREFORE, the Plaintiffs, Amy C. Huber and Richard Huber, Wife and Husband, demand judgment and damages in their favor, including attorney's fees and costs of suit, and such other relief as this Honorable Court may deem proper and just. **JURY TRIAL DEMANDED.**

## Count II – Vicarious Liability

22. Plaintiffs hereby incorporate by reference Paragraphs 1 through 21 as if the same were more fully set forth herein.

23. It is believed, and therefore averred, that at all times relevant hereto, Defendant engaged agents, servants, and/or employees, who were acting within the course and scope of their duties, employment, agency, and/or servitude with Defendant, and, as such, Defendant is vicariously liable for the actions and/or inactions of these agents, servants, and/or employees.

24. At all times relevant hereto, Defendant, through its agents, servants, and/or employees, owed a duty to individuals using its premises, including Mrs. Huber, to keep its premises free of any unsafe or hazardous conditions which reasonably might give rise to damage or injury.

25. Defendant, through its agents, servants, and/or employees, breached this duty, as set forth more fully above.

26. As a result of the negligence and/or carelessness on the part of Defendant, Mrs. Huber has suffered the injuries and damages set forth herein.

27. Defendant is vicariously liable to Mrs. Huber for the negligence and/or carelessness on the part of its agents, servants, and/or employees, who endangered individuals using its premises, specifically, Mrs. Huber.

WHEREFORE, the Plaintiffs, Amy C. Huber and Richard Huber, Wife and Husband, demand judgment and damages in their favor, including attorney's fees and costs of suit, and such other relief as this Honorable Court may deem proper and just. **JURY TRIAL DEMANDED.**

## Count III – Loss of Consortium

28. Plaintiffs hereby incorporate by reference Paragraphs 1 through 27 as if the same were more fully set forth herein.

29. As a direct and proximate result of the conduct of Defendant, as set forth more fully herein, Mr. Huber has been and will be deprived of the comfort, companionship, society, and services of his wife, Amy C. Huber, all to his great detriment and loss.

30. As a direct and proximate result of the conduct of Defendant, as set forth more fully herein, Mr. Huber has experienced an injury to his marital expectations.

31. As a direct and proximate result of the conduct of Defendant, as set forth more fully herein, Mr. Huber has been and may be required to expend sums of money for the medical treatment of his wife, Amy C. Huber.

WHEREFORE, the Plaintiffs, Amy C. Huber and Richard Huber, Wife and Husband, demand judgment and damages in their favor, including attorney's fees and costs of suit, and such other relief as this Honorable Court may deem proper and just. **JURY TRIAL DEMANDED.**

Respectfully submitted,

SPENCE, CUSTER, SAYLOR, WOLFE & ROSE, LLC

/s/Ronald P. Carnevali, Jr.
Ronald P. Carnevali, Jr., Esquire
I.D. No. 47733
rcarnevali@spencecuster.com
Toby D. McIlwain, Esquire
I.D. No. 316074
tmcilwain@spencecuster.com

*Attorneys for Plaintiffs,*
*Amy C. Huber and Richard Huber,*
*Wife and Husband*

1067 Menoher Boulevard
Johnstown, Pennsylvania 15905
(814) 536-0735 (telephone)
(814) 539-1423 (facsimile)